IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT FREILICH, an individual, and VALERIE FREILICH, an individual, | ) ) ) | |
| | ) | CV. NO. SA:12-CV-577-DAE |
| Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) ) | |
| GREEN ENERGY RESOURCES, INC., JOSEPH MURRAY, an individual, and JACK HALPERIN, an individual, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING IN PART AND DENYING IN PART HALPERIN'S
MOTION FOR DEFAULT JUDGMENT ON CROSS-CLAIMS AGAINST
DEFENDANTS GREEN ENERGY RESOURCES AND MURRAY;
(2) DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND
<u>COMPLAINT WITHOUT PREJUDICE</u>

Before the Court is a Motion for Default Judgment on Cross-Claims

against Defendants Green Energy Resources ("Green Energy") and Joseph Murray

("Murray") filed by Defendant Jack Halperin ("Halperin") (Dkt. # 56) and a

Motion for Leave to Amend Complaint filed by Robert and Valerie Freilich

(collectively, "Plaintiffs") (Dkt. # 49).  The Court heard oral argument on both

motions on January 13, 2014.  Ronald W. Armstrong, II, Esq., and Jarom Todd

1

Tefteller, Esq., appeared on behalf of Plaintiffs.  Joshua J. Newcomer, Esq.,

appeared on behalf of Halperin.  For the reasons that follow, the Court **GRANTS**

**IN PART AND DENIES IN PART** Halperin's Motion for Default on

Cross-Claims against Green Energy and Murray (Dkt. # 56) and **DENIES**

**WITHOUT PREJUDICE** Plaintiffs' Motion for Leave to Amend Complaint

(Dkt. # 49).

<u>BACKGROUND</u>

On June 12, 2012, Plaintiffs filed a Complaint alleging that Green

Energy—through its officer and director, Murray, and its legal counsel, Halperin—

disseminated misleading press releases that Plaintiffs acted in reliance upon,

buying $89,253.03 worth of Green Energy stock between May 22, 2006 and June

8, 2010.  ("Compl.," Dkt. # 1 ¶¶ 9–10, 12–13.)  According to Plaintiffs, on June

22, 2010 the United States Securities and Exchange Commission ("SEC")

suspended trading in Green Energy securities due to questions regarding the

accuracy of statements made by Green Energy in press releases, and Plaintiffs'

stock became worthless.  (Compl. ¶¶ 11, 16.)

The Complaint asserts causes of action against Green Energy, Murray,

and Halperin for breach of fiduciary duty, negligent misrepresentation, fraud,

constructive fraud, and for violations of Section 27.01 of the Texas Business and

Commerce Code.  (<u>Id.</u> ¶¶ 22–36.)  Plaintiffs also assert claims against Halperin and

Murray under Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78t(a), and against Green Energy under Section 10(b) of the same act, 15 U.S.C. § 78j(b).  (Id. ¶¶ 14–21.)  Plaintiffs seek actual, consequential, and exemplary damages; pre- and post-judgment interest; rescission of Plaintiffs' purchases of Green Energy stock; and attorneys' fees.  (Id. ¶ 42.)  Plaintiffs also ask the Court to impose a constructive trust on the assets obtained by Defendants in connection with the deceptive practices Plaintiffs allege they engaged in.  (Id. ¶ 39.)

On August 10, 2012, Halperin filed an Answer and Cross-Claims against Green Energy and Murray for indemnification.  (Dkt. # 19.)  On August 30, 2012, Murray filed an Answer to Plaintiffs' Complaint.  (Dkt. # 23.)

On October 11, 2012, the Court granted Green Energy defense counsel's Motion to Withdraw.  (Dkt. # 31.)  On October 15, 2012, Green Energy and Murray filed a joint Answer to Halperin's cross-claims.  (Dkt. # 32.) However, because the Answer was filed on behalf of Green Energy by Murray himself, acting pro se, and the Court advised Murray that a corporation cannot appear pro se in federal court, the Court struck Green Energy's Answer.  (Dkt. # 33.)  The Court reminded Green Energy that it was required to obtain counsel and warned Green Energy that if it failed to make an appearance through licensed counsel by November 10, 2012, an entry of default would be entered against it.

(Dkt. # 33.)  The Court did not, however, strike Murray's Answer to Halperin's cross-claims.

On June 5, 2013, Plaintiffs filed a Motion for Default Judgment, asking the Court to enter default judgment against Green Energy and award them $89,253.03 in actual damages; exemplary damages; attorneys' fees; costs of court; pre- and post-judgment interest; and any other relief the Court deems just.  (Dkt. # 41.)  The Court ordered Green Energy to appear on Friday, June 21, 2013, to show why default judgment should not be entered against it.  (Dkt. # 42.)  The Court Security Officer called for Joseph Murray and Jack Halperin in the public area three times, but neither appeared.  On July 1, 2013, the Court granted Plaintiffs' Motion for Entry of Default against Green Energy.  (Dkt. # 48.)  The Court ordered Green Energy to pay Plaintiffs $89,253.03 for economic damages, $150,000.00 in mental anguish, $200,000.00 for exemplary damages, $49,500.00 for attorneys' fees, $530.00 for costs of court, and $22,832.57 for pre- and post-judgment interest.  (Id. ¶ 5.)

That same day, Plaintiffs filed a Motion for Leave to Amend Complaint that is now before the Court.  (Dkt. # 49.)  Halperin filed a Response on August 5, 2013.  (Dkt. # 54.)

On August 7, 2013, Halperin filed a Motion for Entry of Default against Green Energy and Murray that is also before the Court.  (Dkt. # 56.)

4

On August 18, 2013, Murray filed an Advisory to the Court asserting that he had taken a temporary job in New Jersey in May and his mail was not forwarded.  (Dkt. # 62.)  He asked the court to rescind any actions the Court may have taken resulting in fines or contempt because he was "fully unaware of any continuing correspondence by the Court."  (Id.)  Murray did, however, aver that "Plaintiffs' suit is false," as he claimed to have "irrefutable documentation regarding each and every claim alleged."  (Id.)  He also relied on the failure of the Securities and Exchange Commission to take any action to show that "there was no wrong doing."  (Id.)

DISCUSSION

I.   Halperin's Motion for Default Judgment on Cross-Claims Against Green Energy and Murray

Halperin requests default judgment against Green Energy and Murray because he asserts that they have failed to answer or otherwise respond to his cross-claims asserted in his Answer.  (See Dkt. # 56 at 1.)  Halperin's cross-claims against Green Energy and Murray demand indemnification for costs of defending the action against Plaintiffs and for any damages imposed on him.  (See Dkt. # 19 at 8–9.)

Federal Rule of Civil Procedure 55 sets forth conditions under which default may be entered against a party and the procedure by which a party may seek the entry of default judgment.  If a party "against whom a judgment for

5

affirmative relief is sought has failed to plead or otherwise defend," and "that

failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Fed. R. Civ. P. 55(a).  Judgment by default may be entered when a party entitled to

a judgment by default moves the Court for entry of such judgment.  Fed. R. Civ. P.

55(b).  The Fifth Circuit has concisely summarized the steps leading up to default

judgment:

> A default is when a defendant has failed to plead or otherwise respond
> to the complaint within the time required by the Federal Rules.  An
> entry of default is what the clerk enters when the default is established
> by affidavit or otherwise . . . . After defendant's default has been
> entered, plaintiff may apply for a judgment based on such default.
> This is a default judgment.

N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).

A.   Entry of Default

Because Defendant Green Energy has not answered or otherwise

responded to Halperin's cross-claims,[1] the Clerk of the Court shall enter a default

against Green Energy.

However, Defendant Murray has answered Halperin's cross-claims.

Although the Court struck Green Energy's Answer, the Court specifically stated,

"Therefore, the Court STRIKES Defendant Green Energy Resources, Inc.'s,

---

[1] Defendant Murray purported to file an Answer to Halperin's cross-claims on
behalf of Green Energy.  (Dkt. # 32.)  However, the Court struck the Answer
because Green Energy, as a corporation, was required to be represented by licensed
counsel—not by Murray, proceeding pro se.  (Dkt. # 33.)

<u>answer</u> (Doc. No. 32) to Jack Halperin's cross-claim."  (Dkt. # 33 (emphasis added).)  Defendant Murray has answered Halperin's cross-claims by denying the allegations.  (Dkt. # 32.)  Therefore, the Clerk of the Court shall not enter default against Murray.  Halperin's Motion for Default Judgment against Murray is **DENIED**.

      B.    <u>Default Judgment</u>

      Because default judgments are seen as drastic remedies, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." <u>Ganther v. Ingle</u>, 75 F.3d 207, 212 (5th Cir. 1996).  This is precisely because "[a] default judgment is a judgment on the merits that conclusively establishes the defendant's liability." <u>United States v. Shipco Gen., Inc.</u>, 814 F.2d 1011, 1014 (5th Cir. 1987).  "There must be a sufficient basis in the pleadings for the judgment entered; a request for default judgment may be denied when the complaint is insufficient. <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).  Entering a default judgment is solely within the discretion of the district court. <u>Mason v. Lister</u>, 562 F.2d 343, 345 (5th Cir. 1977).

      After a default judgment is entered, all well-pleaded factual allegations in the plaintiff's complaint are taken as true—except the amount of damages. <u>Shipco Gen.</u>, 814 F.2d at 1014.  Unless the amount claimed is a

7

liquidated sum or otherwise capable of mathematical calculation, damages should not be awarded pursuant to a default judgment "without a hearing or detailed affidavits establishing the necessary facts." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also Fed. R. Civ. P. 55(b)(2) (providing that the Court may conduct hearings when, to enter or effectuate judgment, it must conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter).

Halperin's cross-claims aver that pursuant to the by-laws of Green Energy, Halperin is entitled to full indemnification from Green Energy for the costs of defending this action and for any damages imposed on him. (See Dkt. # 19 ¶ 50.) The Court finds that there is a sufficient basis for the indemnification.

Accordingly, the Court **GRANTS** default judgment against Green Energy on Halperin's cross-claims given Green Energy's lack of a response to Halperin's cross-claims. However, because the amount of damages is not certain at this time, and Halperin has not furnished an affidavit detailing the amount of damages, Halperin is, therefore, **ORDERED** to prepare to present evidence to the Court establishing the amount of damages he alleges he is due.

II.    Plaintiffs' Motion for Leave to Amend

Plaintiffs filed their Motion for Leave to Amend "as a result of the Final Judgment entered on July 1, 2013, against Defendant Green Energy

8

Resources, Inc." (Dkt. # 49 at 1.)  Plaintiffs seek leave to amend their complaint

"to include claims holding Defendant Murray and Defendant Halperin liable to

Plaintiffs as the alter-egos of Defendant Green Energy Resources, Inc." (Id.)  In

Plaintiffs' proposed First Amended Complaint, attached to their Motion for Leave

to Amend as an exhibit, Plaintiffs add the following excerpt:

## XII. ALTER-EGO LIABILITY

37) Plaintiffs incorporate paragraphs 9 through 36 above, as if fully set forth herein.

38) Defendant Joseph Murray, Individually, is jointly and severally liable for the conduct of Green Energy Resources, Inc. and for payment of any judgment rendered against Defendant Green Energy Resources, Inc. because Defendant Joseph Murray is the alter-ego of Defendant Green Energy Resources, Inc.  By the same token, Defendant Jack Halperin, Individually, is also jointly and severally liable for the conduct of Green Energy Resources, Inc. and for payment of any judgment rendered against Defendant Green Energy Resources, Inc. because Defendant Jack Halperin is also the alter-ego of Defendant Green Energy Resources, Inc.

(Dkt. # 49, Ex. A. at 16.)

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be

freely given when justice so requires."  While granting leave to amend is entrusted

to the discretion of the trial court, Parish v. Frazier, 195 F.3d 761, 763 (5th Cir.

1999), the Fifth Circuit has explained that "the term 'discretion' in this context

'may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of

granting leave to amend.'"  Mayeaux v. La. Health Serv. and Indem. Co., 376 F.3d

420, 425 (5th Cir. 2004).  "[I]f the court lacks a <u>substantial reason</u> to deny leave, its discretion is not broad enough to permit denial."  <u>State of La. v. Litton Mortg. Co.</u>, 50 F.3d 1298, 1303 (5th Cir. 1995) (emphasis added) (internal quotation marks omitted).  Following the Supreme Court's guidance, the Fifth Circuit uses five factors to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 864 (5th Cir. 2003) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  Absent any of these factors, leave should be "freely given."

      A.    <u>Futility of Amendment</u>

      Halperin argues that granting Plaintiffs' Motion to Amend would be futile because Plaintiffs fail to "allege the elements necessary for recovery under the 'alter ego' theory."  (Dkt. # 54 at 2.)

      It is well within the district court's discretion to deny a motion to amend if it is futile.  <u>See</u> <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.</u>, 195 F.3d 765, 770 (5th Cir. 1999).  The Fifth Circuit has defined "futility" to mean that the amended complaint would fail to state a claim upon which relief could be granted.  <u>Stripling v. Jordan Prod. Co., LLC</u>, 234 F.3d 863, 873 (5th Cir. 2000).  To determine futility, the Fifth Circuit instructs that

district courts are to "apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (internal citations and quotation marks omitted).

        "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotations omitted) (quoting Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Twombly, 550 U.S. at 555–56.  In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57.  Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We

do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

To prove an alter ego relationship exists between a corporation and an individual, a plaintiff must show that "there is such unity between corporation and individual [or parent corporation] that the separateness of the corporation has ceased and holding only the corporation liable would result in an injustice." Gibraltar Sav. v. LDBrinkman Corp., 860 F.2d 1275, 1288 (5th Cir. 1988).  Factors to be considered include "the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual [or parent] maintains over the corporation, and whether the corporation has been used for personal [or parental] purposes." Id.

Here, Halperin is correct that Plaintiffs' proposed First Amended Complaint in its present form does not furnish sufficient evidence to demonstrate that Murray and Halperin were alter egos of Green Energy and as such, granting Plaintiffs leave to amend would be futile.  Plaintiffs' First Amended Complaint lacks any factual allegation that Murray and Halperin used Green Energy for personal purposes.  See Galvan v. Caviness Packing Co., Inc., 546 F. Supp. 2d 371, 379 (N.D. Tex. 2008) (holding that because there was no evidence of the level of entanglement between the individuals and the corporation, no evidence of financial

12

information, and no evidence that individuals used the corporation for personal purposes, the alter ego doctrine did not apply).   Rather, the proposed First Amended Complaint merely recites conclusory allegations that Halperin and Murray are the alter egos of Green Energy.  (See Dkt. # 49, Ex. A at 16.)  Without additional factual support, such conclusory allegations are insufficient under Twombly and Iqbal.  See Med. Supply Chain, Inc. v. Gen. Elec. Co., 144 F. App'x. 708, 713 (10th Cir. 2005) (affirming ruling that complaint failed to adequately plead alter ego claim because it lacked any "factual allegations to support these conclusory statements."); De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (affirming dismissal of alter ego claim because the pleadings were "devoid of any specific facts or circumstances supporting this assertion").  Because Plaintiffs have not set forth sufficient factual detail to support their alter ego theory, their proposed Amended Complaint would fail to state a claim upon which relief could be granted.  Accordingly, granting Plaintiffs leave to amend their Complaint with their proposed Amended Complaint would be futile.  See Stripling, 234 F.3d at 873 (holding that it is futile to grant leave to amend complaint when amended complaint would fail to state a claim).

      B.    Amending Complaint Requires Setting Aside Default Judgment

      Although not listed as a Foman factor, Halperin also argues that the Court should deny Plaintiffs' Motion to Amend their Complaint because Plaintiffs

must first move to alter or amend the default judgment levied against Green

Energy under Federal Rule of Civil Procedure 59.  (Dkt. # 54 at 1–2.)

It is well-settled in the Fifth Circuit that an amended complaint

supersedes the original complaint, and the original complaint has no legal effect,

except to the extent that it is incorporated by reference into the amended

complaint.  See Easton v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (noting that Fifth

Circuit jurisprudence consistently reminds that an amended complaint supersedes

the original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("An

amended complaint supersedes the original complaint and renders it of no legal

effect unless the amended complaint specifically refers to and adopts or

incorporates by reference the earlier pleading.").

Given that Fifth Circuit jurisprudence holds that an amended

complaint supersedes the original complaint in its entirety, district courts routinely

set aside entries of defaults when plaintiffs file amended complaints.  See, e.g.,

Rossignol v. Tillman, Civil Action No. 10-3044, 2011 WL 1193017, at *2 (E.D.

La. Mar. 25, 2011) ("[B]ecause the petition is superseded by plaintiffs' third

supplemental and amending petition, the Court grants defendants' motion to set

aside the entries of default."); Greater St. Louis Constr. Laborers Welfare Fund v.

A.G. Mack Contracting Co., No. 08–1947, 2009 WL 2916841, at *1 (E.D. Mo.

Sept. 4, 2009) (setting aside entry of default because plaintiff filed an amended

complaint); <u>United States ex rel. SimplexGrinnel, L.P. v. Aegis Ins. Co.</u>, No. 08–1728, 2009 WL 577286, at *1–2 (M.D. Pa. Mar. 5, 2009) (setting aside entry of default because after plaintiff filed an amended complaint, "the original complaint no longer exists").

      Although relief from a default judgment is usually granted on a motion filed by the defaulting party, district courts have the discretion to grant such relief <u>sua sponte</u>." <u>McDowell v. Celebrezze</u>, 310 F.2d 43, 44 (5th Cir. 1962); <u>see also</u> <u>Hayes v. Miller</u>, 292 F. App'x 389, 390 (5th Cir. 2008) (recognizing that a district court may initiate relief under Rule 60(b) on its own motion).  If a district court does set aside a default judgment <u>sua sponte</u>, the Court must first notify the parties in writing or provide "reasonable notice" to interested parties.  <u>Hayes</u>, 292 F. App'x at 390–91.

      At the hearing, Plaintiffs were unaware that amending their Complaint would require the Court to set aside their default judgment.[2]  Given that Plaintiffs indicated that they only sought to amend their Complaint and did not realize the potential consequences of amendment, the Court declines to <u>sua sponte</u> set aside the default judgment.  Consequently, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Leave to File an Amended Complaint because

---

[2] Plaintiffs indicated that they sought to assess their default judgment against Green Energy on Murray and Halperin by amending their Complaint to assert an alter ego theory.  However, allowing Plaintiffs to proceed in that fashion would operate as an end-run around the due process protections afforded to Murray and Halperin.

doing so would trigger setting aside the default judgment.  Plaintiffs must first move to set aside the default judgment against Green Energy before amending their Complaint to assert an alter ego theory, or may do so simultaneously.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Halperin's Motion for Default on Cross-Claims against Green Energy and Murray (Dkt. # 56) and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Leave to Amend Complaint (Dkt. # 49).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, January 16, 2014.

_____

David Alan Ezra
Senior United States Distict Judge

16