IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT FREILICH and VALERIE FREILICH, | § § § | CV. NO. 5:12-CV-577-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREEN ENERGY RESOURCES, INC., and JOSEPH MURRAY, | § § § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER: (1) ADOPTING MEMORANDUM AND RECOMMENDATION;
(2) DENYING WITHOUT PREJUDICE MOTION FOR CONTEMPT AND
SANCTIONS; AND (3) ORDERING MURRAY TO SERVE ANSWERS TO
INTERROGATORIES 4, 7, 18, 22, AND 76

Before the Court is Magistrate Judge John W. Primomo's

Memorandum and Recommendation ("M&R," Dkt. # 108).  On November 5,

2014, the Magistrate Judge held a hearing on the motions.  Pursuant to Local Rule

7(h), this Court finds this matter suitable for disposition without a further hearing.

After reviewing the Memorandum and Recommendation and the Advisories to the

Court filed by Defendant Joseph Murray ("Defendant" or "Murray"), the Court

**ADOPTS** the Memorandum and Recommendation (Dkt. # 108), thereby

**DENYING** Plaintiffs' Motion for Contempt and Sanctions (Dkt. # 89).

Additionally, the Court **ORDERS** Murray to serve answers to interrogatories 4, 7, 18, 22, and 76.

## BACKGROUND

The case arises out of alleged misrepresentations made by and on behalf of Green Energy Resources ("Green Energy") regarding its corporate operations and activities. ("Compl.," Dkt. # 1 at 3–4.) Relying on the statements of Green Energy, Plaintiffs spent over $89,523.03 toward the purchase of Green Energy stock between May 2006 and June 2010. (Id. at 5.) Plaintiffs maintain that, had the statements and representations of Green Energy's activities been truthful, they would have not made those investments. (Id.) According to Plaintiffs, on June 22, 2010, the United States Securities and Exchange Commission ("SEC") suspended trading in Green Energy securities and Plaintiffs' stocks became worthless. (Id. at 5–6.)

On June 12, 2012, Plaintiffs filed suit against Green Energy, its president Joseph Murray, ("Murray") and its legal counsel Jack Halperin[1] ("Halperin"). (Compl.) The Complaint asserts causes of action against all three parties for breach of fiduciary duty, negligent misrepresentation, fraud, constructive fraud, and violations of Texas Business and Commerce Code Section

---

[1] On April 17, 2014, the Court granted Plaintiffs' Agreed Motion to Dismiss Halperin, thereby dismissing Halperin from the suit. (Dkt. # 86.)

§ 27.01. (Id. at   8–14.)  Plaintiffs also assert claims against Halperin and Murray

under Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §

78t(a), and against Green Energy under Section 10(b) of the same Act, 15 U.S.C.

§ 78j(b).  (Id. at 6–8.)  Plaintiffs seek actual, consequential, and exemplary

damages; pre- and post-judgment interest; rescission of Plaintiffs' purchases of

Green Energy stock; and attorney's fees.  (Id. at 16.)  Plaintiffs also ask the Court

to impose a constructive trust on the assets obtained by Defendants in connection

with the deceptive practices in which Plaintiffs allege the Defendants engaged.

(Id. at 15–16.)

On August 10, 2012, Halperin filed an Answer and Cross-Claims

against Green Energy Resources and Murray for indemnification.  (Dkt # 19.)  On

August 30, 2012, Murray filed an Answer to the Complaint.  (Dkt. # 23.)

On October 11, 2012, the Court granted Green Energy defense

counsel's Motion to Withdraw.  (Dkt. # 31.)  On October 15, 2012, Green Energy

and Murray filed a joint Answer to Halperin's cross-claims.  (Dkt. # 32.)

However, because the Answer was filed on behalf of Green Energy by Murray

himself, acting pro se, and the Court advised Murray that a corporation cannot

appear pro se in federal court, the Court struck Green Energy's Answer.  (Dkt.

# 33.)  The Court reminded Green Energy that it was required to obtain counsel

and warned Green Energy that if it failed to make an appearance through licensed

counsel by November 10, 2012, an entry of default would be entered against Green Energy.  (Id.)

On June 5, 2013, Plaintiffs filed a Motion for Default Judgment, asking the Court to enter default judgment against Green Energy and award Plaintiffs damages.  (Dkt # 41.)  On July 1, 2013, following Green Energy's failure to appear at a show cause hearing, the Court entered default against Green Energy and ordered Green Energy to pay Plaintiffs damages.  (Dkt. # 48.)

Shortly thereafter, on July 1, 2013, Plaintiffs filed their initial motion to compel disclosures and for sanctions, complaining that Murray and Halperin had failed to serve the disclosures required under Federal Rule of Civil Procedure 26(a)(1) and this Court's scheduling and docket control order.  (Dkt. # 50.)  On July 9, 2013, Plaintiffs served on Green Energy, by and through its president and co-defendant Murray, Plaintiffs' First Rule 69 Post Judgment Interrogatories pursuant to Federal Rules of Civil Procedure 69 and 33.  (See Dkt. # 61 at 3.) When Green Energy, by and through Murray, failed to respond to the post-judgment interrogatories, Plaintiffs filed a second motion to compel on August 28, 2013, seeking an order to compel post-judgment interrogatories and sanctions against Murray.  (Id. at 1.)

On August 6, 2013, the Magistrate Judge granted Plaintiffs' initial motion to compel disclosures as to Murray, ordering Murray to provide his initial

disclosures and a $500 sanction by August 20, 2013.  (Dkt. # 55 at 2.)  On

September 18, 2013, Murray filed a pro se advisory to the Court, stating that he

had taken a temporary job in New Jersey in May and his mail was not forwarded.

(Dkt. # 62.)  He stated that upon his return to San Antonio on September 6, 2013,

he contacted opposing counsel, Ron Armstrong ("Armstrong"), and agreed to

provide the necessary documentation at his deposition.  (Id.)  Accordingly, Murray

requested that the Magistrate Judge rescind the August 6, 2013 order.  (Id.)

On November 6, 2013, the Magistrate Judge granted Plaintiffs'

second motion to compel against Murray, ordering Murray to serve Plaintiffs

answers to the post-judgment interrogatories within seven days of the order and

issuing sanctions in the amount of the reasonable expenses that Plaintiffs incurred

in preparing the motion.  (Dkt. # 63.)  The Magistrate Judge ordered Plaintiffs to

submit an affidavit regarding their expenses, which they timely filed showing

expenses in the amount of $750.  (Id.; Dkt. # 65.)  The Magistrate Judge also

denied Murray's request to set aside the first order to compel and sanction.  (Dkt. #

63.)  The Magistrate Judge advised Murray that continued failure to comply with

the Court's orders would result in imposition of further sanctions, up to and

including a finding that he be held in contempt of court and incarcerated until he

fully complied.  (Id.)

On July 24, 2014, Plaintiffs filed a motion to hold Murray in contempt and for sanctions, stating that Murray had failed to comply with the November 6, 2013 order and instead had mailed Armstrong "a stack of irrelevant documents that were wholly non-responsive" to the required initial disclosures or the post-judgment interrogatories.  (Dkt. # 89.)  Plaintiffs further contend that Murray has never submitted to a deposition as he promised in his September 2013 letter and December 2013 teleconference with Armstrong.  (Id.)

On July 31, 2014, Murray submitted an advisory to the Court stating that he was unable to comply with any order because he had no financial ability to do so.  (Dkt. # 92.)  On August 22, 2014, Murray submitted an advisory to the Court enclosing his 2012 and 2013 tax returns and stating that his projected 2014 income was $12,000.  (Dkt. # 93.)   On October 29, 2014, Murray submitted an advisory to the Court enclosing a letter stating that he had filed a bankruptcy case in the Eastern District of New York that day.  (Dkt. # 95.)  The bankruptcy case remains open.  In re Murray, No. 8-14-74889-las (Bankr. E.D.N.Y. 2014).

On November 4, 2014, the Magistrate Judge ordered that Murray appear on November 26, 2014, to show cause as to why he should not be held in contempt and incarcerated.  (Dkts. ## 96, 97.)  Notice was sent to Murray's address on file in San Antonio, as well as to the address provided in his bankruptcy case.  (Dkts. ## 98, 99, 102.)  Additionally, an attempt was made to contact Murray

by phone at the number provided in his bankruptcy case; a voice message was left advising Murray of the date and time of the hearing.  (Dkt. # 108 at 6.)

On November 26, 2014, Murray called to advise the Magistrate Judge that he had just received notice of the hearing and would not be able to attend. (Id.)  The Magistrate Judge placed Murray under oath and proceeded with the hearing, permitting Murray to participate over telephone.  (Id.)  On November 27, 2014, Murray wrote the Court to argue that there was no fraud in this case, that he was financially unable to comply with the court-ordered sanctions, and maintaining that he had never received any copies of interrogatories.  (Dkt. # 114.)

On December 1, 2014, Plaintiffs' counsel filed an affidavit attesting that, although the certified mail receipt of the hearing notice was returned signed but undated, the United States Postal Tracking System information indicated that the notice was delivered on November 21, 2014, five days before Murray indicated that he received notice.  (Dkt. # 107.)

On December 5, 2014, the Magistrate Judge issued its Memorandum and Recommendation on Plaintiffs' Motion for Contempt and Sanctions (Dkt. # 89).  (Dkt. # 108.)  The Magistrate Judge enclosed a copy of the post-judgment interrogatories for Murray's reference.  (Id., Ex. 1.)  That day, the Court mailed the Memorandum and Recommendation to Murray's New York address.  (Dkt. # 109.)

On December 11, 2014, Murray wrote to the Court ("Contempt

Letter"), enclosing a bank statement for 2014 deposits, stating that his projected

2014 income is $15,000, and stating that he has no capacity to pay fines.  (Dkt.

#112.)  Murray also argues that he made every effort to comply with the orders and

has sent every document in his possession.  (Id.)  On the same day, he sent a

second letter ("Interrogatory Letter"), in which he enclosed a copy of the

post-judgment interrogatories and handwritten responses to some of the questions.

(Dkt. # 113.)

### LEGAL STANDARD

Any party may contest the Magistrate Judge's findings by filing

written objections within fourteen days of being served with a copy of the

Memorandum and Recommendation.  28 U.S.C. § 636(b)(1)(C).  The objections

must specifically identify those findings or recommendations that the party wishes

to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A

district court need not consider "[f]rivolous, conclusive, or general objections."

Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles

v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982), overruled on other grounds

by Douglass v. United States Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)).

The Court must conduct a de novo review of any of the Magistrate

Judge's conclusions to which a party has specifically objected.  See 28 U.S.C.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made.").  On the other hand, findings to which no specific objections

are made do not require de novo review; the Court need only determine whether

the Memorandum and Recommendation is clearly erroneous or contrary to law.

United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

In their Motion for Contempt and for Sanctions, Plaintiffs request that

the Court (1) incarcerate Murray until he responds to the interrogatories, and

(2) award sanctions to Plaintiffs for the expenses incurred in preparing the motion.

(Dkt. # 89.)  In his Memorandum and Recommendation, the Magistrate Judge

concluded that Plaintiffs' Motion should be denied subject to being reurged should

Murray, as president of Green Energy, fail to comply in full with the Court's order.

(M&R at 11.)  The Magistrate Judge further recommended that Murray be ordered

to serve Plaintiffs answers to the post-judgment interrogatories within 10 days of

the Court's order.  (Id. at 10–11.)  Finally, the Magistrate Judge recommended that

the case be administratively closed as to Murray in his individual capacity, until

such time as the bankruptcy court lifts the automatic stay on Murray's personal

bankruptcy case.  (Id. at 11.)

I.      Contempt and Interrogatories

        In the Memorandum and Recommendation, the Magistrate Judge

concluded that Murray should not be held in contempt because Murray has

presented evidence regarding his inability to respond and/or his defense for failing

to comply with the Court's orders.  (M&R at 10.)  Because neither party objects to

this finding, the Court reviews the finding for clear error.

        "In a civil contempt proceeding, the party seeking an order of

contempt need only establish (1) that a court order was in effect, and (2) that the

order required certain conduct by the respondent, and (3) that the respondent failed

to comply with the court's order."  F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir.

1995).  Once the moving party shows that the respondent has failed to comply,

"the burden shifts to the respondent to rebut this conclusion, demonstrate an

inability to comply, or present other relevant defenses."  Id.

        Here, the Magistrate Judge found that Murray failed to respond to the

Court's orders compelling responses to the post-judgment interrogatories and

sanctions.  (M&R at 10.)  However, the Magistrate Judge found that Murray had

produced sufficient evidence in defense of his failure to comply: namely, that he

did not recall receiving the interrogatories and that he attempted to comply by

providing opposing counsel and the Court with his tax returns and other

documents.  (Id.)  This finding was neither clearly erroneous nor contrary to law,

10

and the Court therefore **ADOPTS** the Magistrate Judge's recommendation on the

contempt issue.[2]

Because of the defenses that Murray presented, the Magistrate Judge

also recommended that Murray should be ordered again to serve the interrogatories

in compliance with Rule 33.  (Id.)  In his Interrogatory Letter, Murray replies that

all documents in his and Green Energy's possession were sent to Armstrong in

2013, and any other documents were sent to the SEC at their direction in June

---

[2] The Court notes that the state of the law is unclear as to whether a contempt
action against Murray, for his failure to comply with the post-judgment
interrogatories served through him to Green Energy, is also subject to the
automatic stay.  Although the default judgment was against Green Energy as a
corporation, which is an entity distinct from Murray for the purposes of the action
(see Dkt. 70 at 12–13), the contempt action is against Murray in his individual
capacity.  Accordingly, it fits within the automatic stay's prohibition, unless
contempt proceedings are exempted.  See 11 U.S.C. § 362(a).
        Civil contempt proceedings are not explicitly exempted from the
automatic stay under 11 U.S.C. § 362.  Accordingly, some courts require that any
civil contempt proceeding against a party in bankruptcy be stayed.  See, e.g., In re
Wiley, 315 B.R. 682, 687 (Bankr. E.D. La. 2004) (citing In re Maloney, 204 B.R.
671, 674 (Bankr. E.D. N.Y. 1996)).  Other courts, however, consider civil
contempt proceedings exempt if their purpose is to "uphold the dignity of the
court," rather than to enforce payment of a judgment.  See, e.g., S.E.C. v.
Bilzerian, 131 F. Supp. 2d 10, 15 (D.D.C. 2001) (citing US Sprint Commc'ns Co.
v. Buscher, 89 B.R. 154 (Bankr. D. Kan. 1988); N.L.R.B. v. Sawulski, 158 B.R.
971, 977 (Bankr. E.D. Mich. 1993).
        Because the state of the law is unclear and the Magistrate Judge
found that the motion for contempt should be denied, there is no clear error here.
However, the Court notes that, if a bankruptcy court finds that a party commencing
an action against a party in bankruptcy has known of the existence of the stay and
acts intentionally in ways that violate the stay, that party can owe damages to the
party in bankruptcy.  11 U.S.C. § 362(k)(1); In re Repine, 536 F.3d 512, 519 (5th
Cir. 2008).

2010.  (Dkt. # 113.)  The Court construes this as an objection to the Magistrate

Judge's conclusion that Murray must serve the interrogatories, and therefore

reviews the interrogatory issue de novo.[3]

Federal Rule of Civil Procedure 33 requires that the responding party

"serve its answers . . . within 30 days after being served with the interrogatories."

Fed. R. Civ. P. 33(b)(2).  The responding party must separately and fully answer

each interrogatory in writing under oath.  Fed. R. Civ. P. 33(b)(3).  The responding

party may, in cases where the question can be answered by examining a party's

business records and the burden of ascertaining the answer is substantially the

same for all parties, answer by providing business records.  Fed. R. Civ. P. 33(d).

However, in addition to providing the documents, the responding party must

specify the particular records that must be reviewed with respect to each

interrogatory.  Id.

In lieu of an answer, a party can submit an objection; however, that

objection must be stated with specificity in response to each contested discovery

request.  Fed. R. Civ. P. 33(b)(4); McLeod, Alexander, Powel & Apffel, P.C. v.

Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) ("the 'party resisting discovery 'must

show specifically how . . . each interrogatory is not relevant or how each question

---

[3] Because Murray is pro se, the Court must liberally construe his filings.  See
Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Windland v. Quarterman, 578
F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that
[the court] construe pro se briefs liberally").

is overly, broad, burdensome or oppressive'"").  If a party fails to adequately answer a Rule 33 interrogatory, the party seeking discovery may move for an order compelling an answer.  Fed. R. Civ. P. 37(a)(3)(B)(iii).

To the extent that Murray's Interrogatory Letter objects to the Magistrate Judge's findings on the basis that he has already supplied all of the documents in his possession to Armstrong, Murray's objection fails.  Although a responding party can provide documents in response to interrogatories, the responding party must clearly identify which documents are responsive to which requests.  Merely mailing an attorney assorted paperwork is insufficient to meet the requirements of Rule 33.

There is no evidence on the record that Murray, prior to the Magistrate Judge's Memorandum and Recommendation, had ever served on Plaintiffs responses and/or objections to the post-judgment interrogatories. However, enclosed with the Interrogatory Letter was a copy of the post-judgment interrogatories with handwritten and notarized responses, often incomplete, to some of the interrogatory requests.  (Dkt. # 113, Ex. 1.)  Although the Court recognizes Murray's attempt to comply with Rule 33, some responses remain insufficient.  Murray has failed to fully answer several interrogatories.  For instance, Murray provides no response to interrogatory 4.  (Dkt. 113, Ex. 1 at 8.) In response to the request 7, "Please name each state in which the corporation does

13

business," Murray replies only, "Inc in New York." (Id.)  In response to request

18, which asks for the full name, complete address, office title, date of selection,

and date of termination of every officer and former officer of the corporation,

Murray states that Jack Halperin was "secretary as registered agent," but provides

no additional information. (Id. at 10.)

In response to interrogatory 22, which requests the name and

complete address for any entity to which the corporation exhibited a statement of

its financial condition and the contents of that statement, Murray states only "Pink

sheets 2004–2009" and "sent to SEC 2010." (Id. at 11.)  Similarly, in response to

interrogatory 76, which requests the name and complete address for any entity to

which the corporation furnished a financial statement, the date it was furnished,

and the reason it was prepared, Murray states only "Pinksheets.com 2004–2009."

(Id. at 29.)

Accordingly, the Court finds that Murray has still failed to comply

with the requirements of Rule 33 for interrogatories 4, 7, 18, 22, and 76, despite

having submitted a notarized copy of some responses to the post-judgment

interrogatories as an enclosure with his Interrogatory Letter.

Accordingly, the Court **ADOPTS** the Magistrate Judge's

recommendation ordering Murray to serve Plaintiffs answers to the post-judgment

interrogatories with respect to interrogatories 4, 7, 18, 22, and 76.  The Court

advises Murray that each aforementioned interrogatory must be answered

separately and <u>fully</u>, in writing under oath, signed, and without objections,

regardless of whether Murray believes he has previously responded to these same

interrogatories in whole or in part.

The Court **ORDERS** that Murray serve Plaintiffs answers to the

aforementioned interrogatories within twenty (20) days of the signing of this

Order.  The Court advises Murray that proper service for discovery purposes

requires him to serve Plaintiffs by mail to the address on file, which, in this case is

to the attention of Ronald Armstrong, II, The Armstrong Firm, PLLC, 110

Broadway, Suite 444, San Antonio, Texas 78205.

II.    <u>Monetary Sanctions</u>

In the Memorandum and Recommendation, the Magistrate Judge

concluded that the Court cannot impose additional sanctions for the preparation of

the Motion for Contempt and Sanctions due to the automatic bankruptcy stay

protecting Murray's estate.  (<u>Id.</u>)  Because no party objects to this finding, the

Court reviews for clear error.

Under 11 U.S.C. § 362, when a party commences a bankruptcy action,

an automatic stay prevents any entity—including the court—to collect claims owed

that arose prior to the commencement of the bankruptcy action.  Accordingly, the

Magistrate Judge did not clearly err in finding that imposition of sanctions against

Murray were improper at this time, and the Court **ADOPTS** the Magistrate Judge's recommendation denying sanctions.[4]

III.     Case Against Murray

Finally, the Magistrate Judge recommends administratively closing the case against Murray in his individual capacity until such time as the bankruptcy court lifts the automatic stay on Murray's personal bankruptcy case.  Because no party objects to this finding, the Court reviews for clear error.

When a district court administratively closes a case, that action is equivalent to a stay.  CitiFinancial Corp. v. Harrison, 453 F.3d 245, 250 (5th Cir. 2006).  The case can be reopened upon the request of the parties or the court's own motion.  Id.  Because the proceeding against Murray in his individual capacity is a non-exempt proceeding under 11 U.S.C. § 362, it is subject to the automatic stay pending the resolution of Murray's bankruptcy case.  Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that the Court administratively close the case as to Murray in his individual capacity.

---

[4] Murray's Contempt Letter objects to the initial imposition of sanctions, on the basis that he has no capacity to pay fines and that he has complied with the Court's orders to the best of his ability.  (Dkt. # 112.)  To the extent that Murray objects on the basis that the Magistrate Judge failed to set aside the August and November 2013 sanctions, this matter is not properly before the Court.  Murray must—and has already—separately move for the Court to set aside orders to compel and for sanctions.

CONCLUSION

For the aforementioned reasons, the Court **ADOPTS** the Magistrate Judge's Memorandum and Recommendation (Dkt. # 108), thereby **DENYING WITHOUT PREJUDICE** Plaintiffs' Motion for Contempt and Sanctions (Dkt. # 89).  Additionally, the Court **ADOPTS** the Magistrate Judge's recommendation ordering Murray to serve Plaintiffs answers to the post-judgment interrogatories with respect to interrogatories 4, 7, 18, 22, and 76.  The Court advises Murray that each aforementioned interrogatory must be answered separately and <u>fully</u>, in writing under oath, signed, and without objections, regardless of whether Murray believes he has previously responded to these same interrogatories in whole or in part.

The Court **ORDERS** that Murray serve Plaintiffs answers to the aforementioned interrogatories within twenty (20) days of the signing of this Order.  The Court advises Murray that proper service for discovery purposes requires him to serve Plaintiffs by mail to the address on file, which, in this case is to the attention of Ronald Armstrong, II, The Armstrong Firm, PLLC, 110 Broadway, Suite 444, San Antonio, Texas 78205.

17

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, March 27, 2015.

David Alan Ezra
Senior United States Distict Judge

18